UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-20279-CR-MARTINEZ

UNITED STATES OF AMERICA,

vs.

RYAN ALEXANDER LAURENT,

    Defendant.
_____/

### ORDER SETTING HEARING

**THIS CAUSE** is before the Court *sua sponte*. On April 19, 2022, the Court conducted a Pretrial Conference where it heard argument on Defendant's Motion to Exclude Statements Made in the Course of Plea Negotiations ("Motion") [DE 156]. Defendant's Motion sought to exclude from trial Defendant's admissions during the November 1, 2021 debriefing meeting with the Government, Defendant, and Defendant's former counsel, H. Frank Rubio, Jr., Esquire [DE 119]. Prior to the meeting, the Government sent Mr. Rubio a proffer or *Katisgar*[1] letter ("Letter") that governed the terms and conditions of the meeting [DE 119-1]. After considering the parties' briefing, the evidence presented, and the relevant case law, the Court denied Defendant's Motion [DE 145].

Although the Court has ruled on the Motion, the Motion focused on whether the Government could introduce Defendant's admissions to rebut any inconsistent statement made by Defendant at trial. The Government, however, interprets the second clause of the Letter's sixth

---

[1] *Kastigar v. United States*, 406 U.S. 441 (1972).

paragraph as providing it with leave to introduce Defendant's admissions if Defendant presents any defense outside his testimony that is inconsistent with those admissions.

In response to Defendant's Motion, the Government submitted an affidavit by Mr. Rubio to support the admissibility of Defendant's admissions ("Affidavit") [127-2].  According to the Affidavit, Mr. Rubio explained all the terms and conditions of the Letter, answered Defendant's questions about the Letter, and confirmed that Defendant understood the terms and conditions of the Letter [127-2 ¶ 7].  To determine the scope of the Government's right to introduce Defendant's admissions at trial, the Court will conduct a hearing where Defendant will have the opportunity to cross examine Mr. Rubio on what precisely Mr. Rubio told Defendant, if anything, about the meaning of the second clause of the Letter's sixth paragraph.

Separately, the Court advises the parties that it has sufficient information from Dr. John J. Palmatier's extensive polygraph report to rule on the Government's Motion *in Limine*, [DE 123], without conducting a preliminary or *Daubert*[2] hearing.  A paper order on the Motion *in Limine* is forthcoming.

In addition, because the Judges' meeting has been moved to Wednesday, May 11, 2022, the Court can no longer begin jury selection in this case on that date.  Therefore, jury selection shall begin at 9:00 a.m. on Thursday, May 12, 2022.  Trial will commence after the Court impanels the jury.  After May 12, 2022, trial will resume every day at 10:00 a.m.

For the foregoing reasons, it is hereby **ORDERED** that

1. The above-styled cause is hereby set for a hearing before the Honorable Patricia A. Seitz, Courtroom 11-4, 400 North Miami Avenue, Miami Florida 33128 on **Monday, May 9,**

---

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

**2022, at 10:30 a.m.** At the hearing, the Court will hear testimony from Mr. Rubio. The Court anticipates that direct and cross examination of Mr. Rubio **shall take no more than one hour and a half**.

2. The Court will not conduct a hearing on the Government's Motion *in Limine*.

3. Jury selection shall begin in this case on **9:00 a.m. on Thursday, May 12, 2022**. Trial will commence after the Court impanels the jury. After May 12, 2022, trial will resume every day at 10:00 a.m.

DONE AND ORDERED in Miami, Florida this 3rd day of May, 2022.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record