UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 21-20279-CR-MARTINEZ**

UNITED STATES OF AMERICA,

vs.

RYAN ALEXANDER LAURENT,

      Defendant.

_____/

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL

**THIS CAUSE** came before the Court on Defendant Ryan Laurent's Omnibus Motion for Judgment of Acquittal and New Trial ("Omnibus Motion") [DE 212].  After a four-day trial, the jury returned a verdict of guilty against Defendant [DE 203] as to all three counts of the Indictment [DE 3]: (1) conspiracy to commit Hobbs Act robbery; (2) Hobbs Act robbery; and (3) brandishing a firearm in furtherance of a crime of violence.  The Court presided over the jury trial in this matter, has considered the Omnibus Motion, the Government's Response [DE 214], the record, and is otherwise duly advised in the premises.  For the reasons discussed below, each of the motions included in the Omnibus Motion must be denied.

### A.  The Motion for Judgment of Acquittal is Denied.

Defendant seeks a judgment of acquittal, arguing that (1) he was not identified as a participant in the robbery, and (2) the evidence was insufficient to establish that he knowingly participated in the robbery or agreed to join the plan [DE 212 at 5].  Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is

1

later." Fed. R. Crim. P. 29(c)(1). In considering a motion for judgment of acquittal, "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F. 3d 1076, 1079 (11th Cir. 1999). The Court "must view the evidence in the light most favorable to the government," "must resolve any conflicts in the evidence in favor of the government," and "must accept all reasonable inferences that tend to support the government's case." *Id.* Stated differently, the Court "must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.*

Defendant first argues that he should be acquitted because he was not identified at trial. The Court does not agree. A reasonable jury could have identified Defendant based on the circumstantial evidence the Government presented at trial, including the fact that the vehicle used in the robbery was rented by the Defendant's girlfriend and Defendant's personal belongings were found in the same vehicle after the robbery. Those belongings included his cellular telephone, personal identification documents such as his driver's license, and his brother's firearm. This evidence, combined with the surveillance footage showing someone who looked like the Defendant walking away from the vehicle involved in the robbery, is enough for a reasonable jury to conclude that Defendant committed the crimes to which he was convicted.

Defendant's second argument, that the evidence did not demonstrate his knowing participation in the crimes, fares no better. At trial, the Government presented video surveillance showing that the robbers' getaway driver backed into the parking spot directly next to the T-Mobile entrance where the robbery occurred, and that car occupants waited for several minutes before the three co-Defendants exited the vehicle's two rear and front passenger doors wearing ski masks and gloves and carrying firearms. The Government video also showed that the fourth person remained in the driver's seat at the scene while the robbery occurred. A reasonable jury could have

concluded that Defendant, clearly shown walking away from the vehicle's driver's side in later video footage, knowingly participated in the crimes of which he was convicted.  Thus, the Defendant is not entitled to a judgment of acquittal.  The Court next considers whether it should grant a new trial.

### B.  <u>The Motion for New Trial is Denied.</u>

Federal Rule of Civil Procedure 33 provides that a Court may "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Defendant moves for a new trial because (1) the verdict was against the manifest weight of the evidence; (2) the Government delivered an improper closing argument; and (3) the Court failed to give an additional reasonable doubt instruction [DE 212 at 7].  As explained below, none of Defendant's arguments are persuasive.

### 1.  The Verdict is Supported by the Evidence

First, Defendant argues that the jury's verdict was against the manifest weight of the evidence.  "A district court may grant a new trial based on the weight of the evidence . . . in the rare case in which the evidence of guilty although legally sufficient is thin and marked by uncertainties and discrepancies."  *United States v. Brown*, 934 F.3d 1278, 1298–99 (11th Cir. 2019) (internal quotation marks omitted; citation omitted).  When evaluating a motion for new trial, the Court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable."  *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985).  Indeed, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *Id.* at 1313.  Simply put, "[m]otions for new trial based on the weight of the evidence are not favored" and should only be granted "sparingly and with caution . . . in those really 'exceptional cases.'"  *Id.* (citation omitted).

While Defense counsel makes an eloquent argument, this is not an exception case. There was substantial evidence presented at trial to support that Defendant is guilty of the crimes charged, including surveillance footage of the robbery as it was taking place, records from a tracking device taken during the robbery that led police to Defendant's vehicle minutes after the robbery, video footage of Defendant walking away from the vehicle after the robbery, and Defendant's belongings found within the vehicle used to commit the robbery. Accordingly, the Court will not grant a new trial on this basis.

### 2.   The Government's Closing Argument Was Not Improper or Prejudicial

Next, the Court considers whether the Government's closing argument warrants a new trial. To justify a new trial on the basis of an improper closing argument, "the argument must be both improper and prejudicial to a substantial right of the defendant." *United States v. Rodriguez*, 765 F.2d 1546, 1559 (11th Cir. 1985). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). In other words, "even when error occurs, the defendant's substantial rights are not affected if the evidence sufficiently established his guilt." *United States v. Frank*, 599 F.3d 1221, 1238 (11th Cir. 2010).

Defendant argues, recognizing that he does not yet have the transcript, that the Government referred to evidence pertaining to certain codefendants that was not introduced at trial and thus violated Defendant's rights under the Confrontation Clause. In support of his argument, Defendant cites to *Hutchins v. Wainwright*, 71 F.2d 512 (11th Cir. 1983). In *Hutchins*, the prosecutor in closing argument referred to statements attributed to an unidentified and undisclosed eyewitness informant. *Id.* at 515. The Eleventh Circuit concluded that the prosecutor's reference to those

statements violated the defendant's "right to confront the anonymous, non-testifying witness." *Id.* at 515–16. *Hutchins* is inapplicable to this case.

Here, the Government stated in closing that there was no requirement that all the members of the conspiracy or that all of the codefendants be charged or prosecuted in one proceeding. The Government stated that those defendants were not part of the trial and that the Government did not need to introduce evidence at trial as to the codefendants because they were not on trial. To these statements, Defendant objected. After the Court sustained this objection, the Government moved on from this topic.

As noted in *Hutchins*, "[i]t is a fundamental principle of trial practice that a prosecutor may not seek to obtain a conviction by presenting to the jury any evidence outside of the record." 71 F.2d at 516. The prosecutor in this case abided by that principle and did not refer to any evidence outside of the record. In fact, the Government's comments tracked the Court's closing instructions to the jury given before closing arguments, that "[t]here is no requirement that all members of the conspiracy or all co-defendants be charged and prosecuted in one proceeding" [DE 199 at 10]. In any event, the jury was aware that there were other individuals involved in the crimes charged based on the surveillance footage taken during and after the robbery. Defendant has identified no prejudice from the Government's remarks and the Court does not discern any either. In sum, the Court's instructions to the jury that the lawyers' arguments are not evidence [DE 199 at 4], combined with the weight of evidence supporting Defendant's conviction, does not create a reasonable probability that, but for the Government's statements, the outcome of the trial would have been different. The Court does not believe a new trial is warranted based on the Government's closing argument.

5

**3. The Court Did Not Err When It Declined to Provide an Additional Reasonable Doubt Instruction**

Lastly, Defendant argues the Court should grant a new trial because it declined to include his requested additional instruction on reasonable doubt.  "The district court's refusal to give the requested instruction is reversible only if (1) the instruction is substantially correct, (2) the instruction was not addressed in the charge actually given, and (3) the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense."  *United States v. De La Mata*, 266 F.3d 1275, 1298 (11th Cir. 2001).  At trial, the Court provided the jury with the Eleventh Circuit's pattern instruction on reasonable doubt [DE 199 at 3].  Defendant requested the Court add text to the pattern instruction stating, "Reasonable doubt may arise from the evidence, from a lack of the evidence, or from a conflict in the evidence."  In support of this additional instruction, Defendant cited to *United States v. Osmakac*, 868 F.3d 937, 958 (11th Cir. 2017).  That case, however, is wholly inapposite.  In *Osmakac*, "the prosecutor incorrectly told the jury that it should not consider a lack of certain evidence."  *Id.* at 957.  In response, the district court mitigated the risk of prejudice by providing a curative instruction.  *Id.*  The curative instruction in *Osmakac* is the instruction Defendant requested the Court include in this case.  But here, the prosecution did not create any similar risk of prejudice.  Because the requested instruction was addressed in the charge actually given to the jury, a new trial based on the Court's refusal to give the requested instruction is not warranted.  *See De La Mata*, 266 F.3d at 1298.

For the foregoing reasons, it is hereby

ORDERED that Defendant Ryan Laurent's Omnibus Motion for Judgment of Acquittal

and New Trial [DE 212] is DENIED.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of September, 2022.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record